**RHODES REFRIGERATION, INC.,**
Plaintiff,

v.

**UNITED STATES of America,**
Defendant.

Civ. No. 66–357.

United States District Court
D. Oregon.

June 15, 1968.

Frank E. Magee, Portland, Or., for plaintiff.

Sidney I. Lezak, U. S. Atty., Portland, Or., Jerome Fink, Edward O. C. Ord, Attys., Dept of Justice, Washington, D. C., for defendant.

## OPINION

SOLOMON, Chief Judge:

Rhodes Refrigeration, Inc., seeks a refund of excise taxes imposed on "household type refrigerators." Int.Rev.Code of 1954, § 4111.[1] The United States counterclaims for additional excise taxes.

From April 1, 1960, to March 31, 1964, Rhodes manufactured and sold 5997 model U–171–C (17 cubic feet) and model U–211–C (21 cubic feet) freezers. Section 4111 of the Internal Revenue Code of 1954 imposes a 5 per cent manufacturer's excise tax on "household type refrigerators." The sole issue in this action is whether these 17 and 21 cubic foot freezers are "household type" refrigerators.

The term "household type" is not defined in the statute. However, the regulations define "household type" refrigerators as refrigerators which have " * * * an actual, practical, commercial fitness, or are specifically designed and constructed, for household use * * *." 26 C.F.R. § 48.4111–2(a)(1).

██ Under this definition, Rhodes' 17 and 21 cubic foot freezers are taxable. The freezers have an actual, practical, commercial fitness for household use. Rhodes sold 1540 of these freezers to food clubs. Almost all of these freezers were resold for home use. In addition, Rhodes advertised and sold freezers directly to individuals for home use. Over 90 per cent of the freezers not sold to food clubs are used in homes.

Rhodes contends that the freezers were designed and constructed for commercial use and that design and construction determine taxability. There is no merit in this contention. *Whirlwind Manufacturing Company v. United States*, 344 F.2d 153 (5th Cir. 1965). In *Whirlwind*, the taxpayer contended that

---

1. Section 4111 was repealed effective June 22, 1965. Pub.L. 89–44, 79 Stat. 139.

it manufactured "industrial" fans and sought refund of an excise tax imposed on "household type" fans. The Court held that a regulation identical to that involved in this action was a reasonable and correct interpretation of the statute.

■ 26 C.F.R. § 48.4111–2(a)(1) is a correct interpretation of Section 4111. Whether a freezer is a "household type" freezer is properly determined by use *or* design.

In any event, practically all of Rhodes' freezers are used in homes. Freezers that are principally used in homes are "household type" freezers irrespective of what the manufacturer labels them.

Rhodes' 17 and 21 cubic foot freezers are "household type" refrigerators subject to the excise tax.

The parties stipulated that they could compute and agree upon the amount of any tax due. The United States is directed to prepare a judgment for the proper amount.

This opinion shall constitute findings of fact and conclusions of law under Rule 52(a), Federal Rules of Civil Procedure.